IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MYLES JACOB NEES,

        Petitioner,

v.

JOSHUA HIGHBERGER,

        Respondent.

No. 6:21-cv-00913-JE

ORDER

HERNÁNDEZ, District Judge:

    Magistrate Judge Jelderks issued a Findings and Recommendation on November 17, 2022, in which he recommends that this Court deny the Petition for Writ of Habeas Corpus and enter judgment dismissing this case. F&R, ECF 57. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

    Petitioner filed timely objections to the Magistrate Judge's Findings and Recommendation. Pet. Obj., ECF 60. When any party objects to any portion of the Magistrate

1 - ORDER

Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Court has carefully considered Petitioner's objections and reviewed the pertinent portions of the record *de novo*, and concludes that there is one basis to modify the Findings and Recommendation. Petitioner objects to Judge Jelderks's conclusion that Petitioner's second, third, and fifth grounds for relief were procedurally defaulted because Petitioner failed to alert Oregon courts that he was raising a federal basis for his claims. Pet. Obj. 10. The Court concludes that Petitioner's third ground is not procedurally defaulted, but it fails on the merits.

Petitioner's third ground for relief alleges in relevant part that the State made different arguments relating to Petitioner's Motion to Suppress on appeal than it did at trial, thus denying him a full opportunity to be heard on the motion. Pet. for Writ. 9, ECF 1. Petitioner made this argument in moving for reconsideration before the Oregon Court of Appeals, and he relied on federal cases on due process. Ex. 109 at 4, ECF 21. He also made this argument in his supplemental pro se briefing before the Oregon Supreme Court, again relying on federal cases on due process. Ex. 112 at 8, ECF 21. Thus, Petitioner did alert the Oregon courts that he was raising a federal issue.

However, Petitioner's third ground lacks merit. In opposing Petitioner's motion to suppress at trial, the State argued that there was probable cause to stop Petitioner because his license plate cover obscured his license plate numbers in violation of Oregon law, or in the alternative because Petitioner made a U-turn, which created probable cause to believe that Petitioner committed the crime of attempting to elude a police officer. Ex. 102 (Trial Tr.) at 288,

2 - ORDER

ECF 20. The trial court denied Petitioner's motion to suppress because there was probable cause to believe that Petitioner had committed the license plate infraction, and in the alternative because there was probable cause to believe that Petitioner committed the crime of attempting to elude. *Id.* at 292-93. On appeal, the State argued that the trial court's ruling was correct on both bases. Ex. 106 (Respondent's Answering Brief) at 20-26, ECF 21. While the State used the word "alteration" when discussing the license plate offense in its brief, the substance of the argument was the same as at trial. *Id.* at 22-26. The State also argued that even if the license plate violation did not justify the stop, Petitioner's U-turn attenuated the illegality because it gave the officer probable cause to stop him for attempting to elude. *Id.* at 20-22. While the State used the word "attenuation" in its appellate brief and not at trial, the substance of the argument is the same. Petitioner was not deprived of the opportunity to respond to the State's arguments on his motion to suppress. Ground 3 fails on the merits.

The Court finds no other basis to modify or reject the Findings and Recommendation. The Court therefore denies the Petition for Writ of Habeas Corpus. And Judge Jelderks correctly concluded that Petitioner is not entitled to a certificate of appealability under 28 U.S.C. § 2253(c)(2) because he has not made a substantial showing of the denial of a constitutional right.

//
//
//
//
//
//
//

3 - ORDER

## CONCLUSION

The Court ADOPTS Magistrate Judge Jelderks's Findings and Recommendation [57] as modified by this Order. Therefore, Petitioner's Petition for Writ of Habeas Corpus [1] is DENIED.

IT IS SO ORDERED.

DATED: __September 4, 2023__.

                                                MARCO A. HERNÁNDEZ
                                                United States District Judge

4 - ORDER